# **EXHIBIT "A"**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF HORRY ) <br> ) <br> Howard Rosen, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Halperns' Steak and Seafood Company, ) <br> d/b/a Beech Haven Georgia Corp., ) <br> Gordon Food Service, Inc., ) <br> and Howard I. Halpern, ) <br> ) <br> Defendants. ) <br> ) | IN THE COURT OF COMMON PLEAS <br> FOR THE FIFTEENTH JUDICIAL CIRCUIT <br> CASE NO.: <br><br> **SUMMONS** |

TO:    THE DEFENDANTS ABOVE NAMED

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herewith served upon you and to serve a copy of your Answer to the said Complaint on Plaintiff's attorney, Timothy O. Lewis, Esquire, Gibbs & Holmes, 171 Church Street, Suite 110, Post Office Box 938, Charleston, South Carolina 29402, within thirty (30) days after the service hereof, exclusive of the day of such service.

**YOU ARE HEREBY GIVEN NOTICE FURTHER** that if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, exclusive of the day of such service, judgment by default will be entered against you for the relief demanded in the Complaint.

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203

1

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203

GIBBS & HOLMES

s/Timothy Lewis
Allan R. Holmes
Timothy O. Lewis
Post Office Box 938
171 Church Street, Suite 110
Charleston, SC  29402
(843) 722-0033

February 20, 2018

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CASE NO.: |
| ) | |
| Howard Rosen, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| Halperns' Steak and Seafood Company, ) | |
| d/b/a Beech Haven Georgia Corp., ) | |
| Gordon Food Service, Inc., ) | |
| and Howard I. Halpern, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, by and through his undersigned attorneys, alleges and shows unto this Court as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Howard Rosen (hereinafter "Plaintiff") is a resident of Horry County, South Carolina. Plaintiff is currently employed as a salesman for Halperns' Steak and Seafood Company (hereinafter "Halperns,'" "Halperns' Steak and Seafood," or "Defendant") and its parent company Gordon Food Service, Inc. (hereinafter "Gordon Food Service" or "Defendant").

2. The Defendant Halperns' Steak and Seafood is a domestic for-profit corporation organized and existing under the laws of Georgia, and has its principal place of business in Fulton County, Georgia. Halperns' Steak and Seafood transacts substantial business in Horry County, South Carolina.

3. The Defendant Gordon Food Service, Inc. is a domestic for-profit corporation

1

organized and existing under the laws of Michigan, and has its principal place of business in Kent County, Michigan. Gordon Food Service regularly transacts substantial business in Horry County, South Carolina through Halperns' Steak and Seafood Company.

4. Defendant Howard I. Halpern (hereinafter "Halpern" or "Defendant") is the Chief Executive Officer and Chief Financial Officer of Defendant Halperns' Steak and Seafood. Upon information and belief, Defendant Halpern is a resident of Fulton County, Georgia.

5. On behalf of the Defendants, Plaintiff has been employed, maintained a work space, and has transacted business in the State of South Carolina. Specifically, Plaintiff has been employed as a salesman on behalf of the Defendants in Horry County, South Carolina. The unlawful actions of the Defendants occurred, in whole or in part, in Horry County, South Carolina.

## FACTUAL ALLEGATIONS

6. Plaintiff's employment with the Defendant Halperns' Steak and Seafood began in 2009. Plaintiff has been employed as a salesman for Halperns' Steak and Seafood for over eight years, servicing a distribution area in Horry County that encompasses the greater Myrtle Beach region. Plaintiff has fulfilled his employers' legitimate expectations during his tenure as a salesman and Plaintiff's performance has been exemplary throughout his employment.

7. Halperns' Steak and Seafood is a commercial supplier and distributor of perishable food items, including beef, pork and seafood that operates distribution plants around the Southeastern United States. Upon information and belief, Halperns' employs over six hundred individuals, as well as over a hundred salespeople in various states, including South Carolina, to service the accounts that purchase Halperns' products. In 2015, Halperns' Steak and Seafood was acquired by the Defendant Gordon Food Service, North America's largest food distribution company

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203

that operates distribution centers in over nine states.

8. Plaintiff entered into a contract of employment with Halperns' Steak and Seafood guaranteed for three (3) years in March of 2017, which set Plaintiff's annual salary at $130,000, or $2,500 to be paid per weekly payroll.

9. Beginning around the start of 2010, Defendant Halperns' Steak and Seafood began to deduct a weekly amount from Plaintiff's weekly paycheck. Upon information and belief, Defendant Halperns' deducted these amounts from the majority of salespeople employed by the company. These sums were known within the company as "bad debt" and were meant to reimburse the company for losses that Halperns' would incur in the regular course of its business, including for such occurrences as: shortages of payments made from the company's customers/accounts, declined credit, and losses the company incurred if a customer's business closed before it could pay the remaining balance owed to Halperns'.

10. These deductions varied in amount from around $25 to $100 per week. Defendants are currently deducting on average $75 per week from Plaintiff's weekly paycheck. Plaintiff received no notice, whether written or otherwise, before these deductions were made from each of his weekly paychecks.

11. Defendants similarly began in 2011 deducting amounts out of Plaintiff's paycheck for "shortfalls" in Plaintiff's weekly sales that is known as Plaintiff's "ledger." These weekly deductions on this "ledger" averaged around $200 per week and total deductions from Plaintiff's salary more than $70,000. Upon information and belief, this "ledger" is only levied against Plaintiff, and not against any other employee or salesperson at Halperns'. Plaintiff received no notice of these "ledger" deductions, whether in his contract or in any other writing prior to these sums being

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203

3

deducted.

12. On March 9, 2017, Plaintiff placed a phone call to the Gordon Food Service ethics hotline to submit a complaint regarding these unlawful "bad debt" and "ledger" deductions that were being deducted from his weekly paychecks. In this complaint, Plaintiff also detailed the wrongful treatment he has suffered at the hands of Sandy Cornelius, Plaintiff's Credit Manager at Halperns', and her husband, Rick Cornelius. After Plaintiff began questioning the amounts that were regularly being deducted from his weekly paychecks to Sandy Cornelius and Chad Renegar, a human resources employee at Halperns', the Cornelius' retaliatory treatment of Plaintiff escalated to the point where Plaintiff is almost unable to complete simple tasks at his job. For example, Sandy Cornelius invents ways to harass Plaintiff by devising "rules" that only apply to Plaintiff, in order to harm Plaintiff's sales and Plaintiff's customers.

13. Similarly, Rick Cornelius regularly sends harassing emails to Plaintiff with the goal of harming Plaintiff. The Cornelius' conduct has the express aim of harming Plaintiff in retaliation for his complaints to the ethics hotline and HR regarding these unlawful deductions. After the March 9, 2017 report to the ethics hotline, no action was taken by any of the Defendants to remedy the unlawful withholding of wages from Plaintiff or the retaliatory conduct of the Corneliuses towards Plaintiff.

### FOR A FIRST CAUSE OF ACTION
Violation of the South Carolina Payment of Wages Act
(Unlawful Deductions)

14. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

15. The Plaintiff has been employed as a salesperson by the Defendants from 2009 to the present. During this time, Plaintiff has performed his job in a satisfactory manner.

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203

16. The Defendants are rightfully considered Plaintiff's "employers" as defined by S.C. Code Ann. § 41-10-10(1) as any person, firm, partnership, association, corporation, and any agent or officer of the above classes employing any person in this State. Defendant Howard I. Halpern is rightfully considered an "employer" under S.C. Code Ann. § 41-10-10(1) and the authorities interpreting that Act, including, but not limited to, *Dumas v. InfoSafe Corp.*, 320 S.C. 188, 463 S.E.2d 641 (Ct. App. 1995) which imposes individual liability on agents or officers of corporations who permit their corporations to violate the South Carolina Payment of Wages Act.

17. By the foregoing acts, the Defendants have unlawfully deducted portions of Plaintiff's wages, as that term is defined by S.C. Code Ann. § 41-10-10(2), in failing to give Plaintiff the statutory notice of the "bad debt" and "ledger" deductions all in violation of S.C. Code Ann. § 41-10-30(A) and of S.C. Code Ann. § 41-10-40(C).

18. Further, the Defendants failed to notify the Plaintiff of any changes to the terms of wages at least seven (7) calendar days before the change becomes effective, as required by S.C. Code Ann. § 41-10-30(A).

19. The Defendants have willfully, intentionally, and wrongfully failed to pay Plaintiff all wages due, as required by the South Carolina Payment of Wages Act and according to Plaintiff's employment contract.

20. The Defendants' unlawful deductions and withholding of Plaintiff's wages was done intentionally, in bad faith, without justification, and without a bona fide wage dispute.

21. As a consequent and proximate result of Defendants' willful and intentional withholding of the wages owed to Plaintiff, Plaintiff is entitled to recover in this action an amount equal to three times the full amount of his unpaid wages, or wrongfully deducted wages, plus costs

5

and reasonable attorney's fees pursuant to S.C. Code Ann. § 41-10-80(C).

### FOR A SECOND CAUSE OF ACTION
Violations of the Fair Labor Standard Act
(Failure to Pay Overtime)

22.  Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

23.  At all times relevant to this claim, the Defendants Halperns' Steak and Seafood Company and Gordon Food Service, Inc., were each an "employer" as an "enterprise engaged in commerce or in the production of goods for commerce" as is defined by 29 U.S.C. § 203(s) of the Fair Labor Standards Act.

24.  At all times relevant herein, the individual Defendant Howard I. Halpern is an "employer" under 29 U.S.C. 203(d) because he has acted directly or indirectly in the interests of his corporate entities in relation to employees, including Plaintiff. Defendant Halpern exercises authority over the essential terms and conditions of Plaintiff's employment.

25.  At all times pertinent hereto, the Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

25.  At all times pertinent hereto, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 0/100 ($500,000.00) Dollars. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protection of the FLSA.

26.  The business of Defendants were and are enterprises engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

27.  The Defendants are "joint employers" under the FLSA because the Defendants share and codetermine the matters governing the essential terms and conditions of Plaintiff's employment

28.  As a result of Defendants' actual practice of making improper and unlawful

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203

deductions from Plaintiff's pay, Plaintiff is entitled to overtime pay the rate of one-and-a-half times his normal rate of pay for all hours worked in excess of forty (40) hours per week. Defendants failed to pay Plaintiff the rate of one-and-a-half times his normal rate of pay for all hours worked in excess of forty (40) hours per week, as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

29. Defendants' unlawful conduct, as described herein, has been willful and intentional. Defendants were aware or should have been aware that the practices described herein were unlawful. Because of Defendants' willful violations of the FLSA, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

30. Plaintiff is therefore entitled to an award of back pay at the rate of one-and-a-half times his normal rate of pay for all hours worked in excess of forty (40) hours per week, as required by section 16(b) of the FLSA, 29 U.S.C. § 216(b), in amounts to be determined at trial, in addition to liquidated damages, prejudgment interest, attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## FOR A THIRD CAUSE OF ACTION
Breach of Contract

31. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

32. The Plaintiff entered into a three year guaranteed contract of employment with Halperns' Steak and Seafood in March of 2017. The terms of this contract set Plaintiff's annual compensation at $130,000. The terms of the contract did not provide for the "bad debt" deductions from Plaintiff's weekly paychecks.

33. By virtue of the aforementioned acts, Defendants have breached this employment contract in deducting these sums from Plaintiff's weekly paychecks and thereby failing to pay Plaintiff his annual compensation of $130,00 as required under the terms of the contract.

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203

34. The Defendants' wrongful withholding and deducting of amounts due under each contract is a breach of contract which has proximately caused damages to Plaintiff.

35. The failure to follow the terms of the contract constitutes a breach of the contract with the Plaintiff which has proximately caused actual damages to Plaintiff in an amount to be determined by a jury, which the Plaintiff is entitled to recover from the Defendants.

## FOR A FOURTH CAUSE OF ACTION
Breach of Contract Accompanied by Fraudulent Act

36. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

37. The actions of the Defendants constitute a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) fraudulent acts accompanying the breach which proximately caused actual and punitive damages to the Plaintiff, and which the Plaintiff is entitled to recover. To wit: Defendants made representations regarding Plaintiff's contract of employment and the changes to his pay structure that were false; Plaintiff relied upon the representations; Plaintiff had a right to rely; and Plaintiff was thereby harmed financially. These actions were malicious, wanton, willful, and in bad faith, and they proximately caused actual and punitive damages to the Plaintiff which the Plaintiff is entitled to recover from the Defendants.

## FOR A FIFTH CAUSE OF ACTION
Violation of the Fair Labor Standards Act
(FLSA Retaliation)

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

40. Defendants retaliated against Plaintiff in violation of the FLSA by adversely altering

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203

the terms and conditions of his employment in retaliation for Plaintiff engaging in the protected activity of making complaints to his employers about the improper and unlawful deductions from his pay.

41. As a direct and proximate result of the unlawful retaliatory conduct in violation of the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff Rosen has suffered and continues to suffer mental anguish and emotional distress, causing Plaintiff damages, both actual and exemplary and in an amount to be determined by a jury.

42. The foregoing conduct of the Defendants in retaliating against Plaintiff constitutes willful violations of the FLSA for which Plaintiff is entitled to an award of liquidated damages, prejudgment interest, attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

43. Plaintiff demands a trial by jury of his claims against the Defendants.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Enter a judgment for Plaintiff against Defendants for actual and punitive damages, liquidated damages, costs, and attorney's fees.

(b) Set this case down for trial by jury.

(c) Grant such other and further relief as is deemed just and proper.

DATED at Charleston, South Carolina on this 20th day of February, 2018.

GIBBS & HOLMES

s/Timothy Lewis
Allan R. Holmes
Timothy O. Lewis
Rebecca J. Wolfe
Post Office Box 938
171 Church Street, Suite 110
Charleston, South Carolina 29401
(843) 722-0033

ATTORNEYS FOR THE PLAINTIFF

ELECTRONICALLY FILED - 2018 Feb 20 1:25 PM - HORRY - COMMON PLEAS - CASE#2018CP2601203